**William BAHR, Plaintiff,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., Defendant.**

**No. 91–6275–CIV.**

United States District Court, S.D. Florida.

May 2, 1991.

Richard H. Levenstein, Boca Raton, Fla., for plaintiff.

Pamela M. Burdick, Fort Lauderdale, Fla., for defendant.

## ORDER OF REMAND

PAINE, District Judge.

This cause comes before the court *sua sponte.* Having reviewed the record and relevant authorities, the court enters the following order for the reasons set forth hereinafter.

## BACKGROUND

On March 27, 1991, the Plaintiff, William Bahr ("Bahr") commenced the above styled action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Shortly thereafter, on April 22, 1991, the Defendant, National Association of Security Dealers, Inc. ("NASD") removed the proceeding under 28 U.S.C. § 1446(b) on the ground that this court had original jurisdiction pursuant to 28 U.S.C. § 1331, insofar as the Plaintiff's Verified Amended Complaint was founded on claims or rights arising under the Constitution and laws of the United States, particularly the Fifth and Fourteenth Amendments of the United States Constitution, as well as Section 15A of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78o-3.

The record reveals that on December 17, 1987, Bahr completed an application with Shearson Lehman Brothers, Inc. ("Shearson") to open a trading account for the purchase and sale of securities. As part of the documentation necessary to establish the account, the Plaintiff executed a Client Agreement which set forth the conditions of the trading account and the rights of the respective parties. Paragraph fourteen of this Agreement contained a pre-dispute arbitration clause which provided that any controversy arising between Bahr and Shearson would "be settled by arbitration in accordance with the rules then in effect of the National Association of Securities Dealers, Inc. or the Board of Directors of the New York Stock Exchange, Inc. and/or the American Stock Exchange, Inc ..." as selected by the Plaintiff.

The Plaintiff subsequently engaged in securities trading and as a result of events surrounding alleged "significant economic losses," a dispute arose between Bahr and Shearson, as well as individuals employed by Shearson. Pursuant to the Client Agreement, the Plaintiff commenced arbitration proceedings, and selected the NASD as the forum for the dispute. Along with the submission of his claim, Bahr executed a Uniform Submission Agreement, whereby it was agreed that arbitration would be conducted in accordance with the NASD's Code of Arbitration Procedure.

Section 43(a) of the Code of Arbitration Procedure sets forth the expenses that are to be paid by parties in connection with disputes between customers and member broker-dealers and/or their employees. In part it provides for hearing session deposits of $1,000 where the amount in dispute exceeds $500,000, but is less that $5,000,-000. As Bahr sought $40,000 in compensatory damages and $1,000,000 in punitive damages for a total of $1,040,000 in damages, the Plaintiff submitted a $1,000 deposit to cover the initial filing and arbitration fees. Section 43(a) also provides that where multiple hearing sessions are required, the NASD may require further deposits for additional hearing session.

Following five initial hearing sessions, the NASD scheduled eight additional hearings and gave notice to the parties that each would be required to submit an additional $6,000 deposit no later than March 1, 1991. Shortly thereafter, Shearson paid its $6,000 while the Plaintiff, requested a reduction and/or waiver of the additional de-

posit, insofar as the total fees charged amounted to $13,000, or more than 25% of his actual total losses. Following the NASD's denial of this request, the Plaintiff failed to make the hearing session deposits and the eight additional hearing sessions were postponed. Two days later, on March 27, 1991, the Plaintiff instituted the instant action alleging that the Defendant's refusal to allow him to continue arbitration proceedings against Shearson constituted "an improper denial of due process of law, and access to courts and the judicial system in direct violation of Constitutions of the State of Florida and the United States."

## ANALYSIS

At the outset it should be noted that a district court may and should always determine *sua sponte* whether its subject matter jurisdiction has been properly invoked. 14A C. Wright & A. Miller, *Federal Practice and Procedure,* § 3721. Additionally, removal statutes should be strictly construed and if removal appears improper, the trial court, at any time before final judgment, must remand the action to state court. 28 U.S.C. § 1447(c). In this case, the Defendant has noticed its removal pursuant to 28 U.S.C. § 1441. Section 1441 of Title 28 grants a Defendant the right to timely remove its pending state court action to federal district court, if that court would have original jurisdiction. Original jurisdiction can be based on diversity of citizenship, 28 U.S.C. § 1441(a), or, as the NASD alleges in this instance, "arising under" or federal question jurisdiction, 28 U.S.C. § 1441(b).[1]

Although Article III of the Constitution grants a federal court the power to hear cases "arising under" federal stat-

utes,[2] it was not until the Judiciary Act of 1875, that Congress granted federal courts general "federal question" jurisdiction. This statute in its current form, 28 U.S.C. § 1331, provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether a claim "arises under" the stated source of federal law, a right or immunity created by one of those sources must be an "essential element" of the Plaintiff's cause of action, *Gully v. First National Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936), and it must be apparent from the face of the "well pleaded complaint," unaided by the Answer or by the Notice of Removal, that there exists a federal question. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Consequently, a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the Plaintiff's Complaint, and even if both parties concede that the federal defense is the only question truly at issue. *Franchise Tax Board of Cal. v. Construction Laborers Trust for Southern Cal.,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Moreover, not every case "arising under" federal law, is within federal question jurisdiction, insofar as a claim that a Complaint involves a federal question "must be more than incantation." *Murphy v. Inexco Oil Co.,* 611 F.2d 570, 573 (5th Cir.1980).[3] As federal jurisdiction does not depend on the claim having ultimate merit, its mere recital in itself does not confer jurisdiction if the asserted federal question

---

1. 28 U.S.C. § 1441(b) provides:

   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties and law of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

2. Article III, § 2 of the Constitution provides: "The judicial Power shall extend to all cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made under their Authority ..."

3. The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

is not a "substantial" one. *Id.* The requirement of "substantiality" does not refer to the value of the interests at stake, but rather, to whether there is any legal substance to the position the individual alleging federal jurisdiction is presenting. *McLucas v. De Champlain*, 421 U.S. 21, 28, 95 S.Ct. 1365, 1370, 43 L.Ed.2d 699 (1975).

■ In *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974) the United States Supreme Court defined the jurisdictional requirement of "substantiality" as follows:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantially as to be absolutely devoid of merit,' *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed 795 (1904); 'wholly insubstantial,' *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 550–551, 7 L.Ed.2d 512 (1962); 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); 'plainly unsubstantial,' *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933); or 'no longer open to discussion,' *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 31, 54 L.Ed. 95 (1909).

Consequently, a district court must dismiss for want of jurisdiction if the asserted federal claim, that is the basis of jurisdiction, is obviously without merit or is wholly frivolous. *Murphy, supra* at 573. As the same jurisdictional standard is employed in deciding whether a case, either initially filed in a federal forum or removed from state court, is to be dismissed, *IMFC Professional, Etc. v. Latin Am. Home Health*, 676 F.2d 152 (11th Cir.1982), the "federal question" contained in the removed Complaint must be "substantial." *Schultz v. Coral Gables Federal Saving & Loan Association*, 505 F.Supp. 1003 (S.D.Fla.1981).

## FIFTH AND FOURTEENTH AMENDMENT CLAIMS

In alleging that the Defendant's refusal to allow him to continue arbitration proceedings constituted an "improper denial of due process of law and access to courts" in violation of the Fifth and Fourteenth Amendments of the United States Constitution, the Plaintiff has apparently satisfied three burdens for removal, that is, federal law is an essential element of his claim, that appears on the face of the "well pleaded complaint," which does not arise or is inferred from a federal defense. There is serious doubt, however, as to whether the present action presents a "substantial" claim arising under Article III.

■ Although the "due process" clauses of the Fifth[4] and Fourteenth Amendments[5] of the Constitution of the United States have been held in some instances to encompass the right of access to the courts, *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), this right has been more properly found to exist in the First Amendment, which states in part that "Congress shall make no law . . . respecting the right of the people . . . to petition the Government for a redress of grievances."[6] *California Motor Transportation Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). It is axiomatic, nevertheless, that the First, Fifth and Fourteenth Amendments protects individuals against deprivation of Constitutional rights by governmental action, and not through private conduct. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). In order

**4.** The Fifth Amendment provides, in pertinent part, that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

**5.** The Due Process Clause of the Fourteenth Amendment provides: "[n]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of laws."

**6.** This constitutional provision is also applicable to the states through the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940).

for a Plaintiff to benefit from these constitutional protections, it must also be shown that the alleged violations of due process are "fairly attributable to the state." *Id.* at 937, 102 S.Ct. at 2753. Whereas the private use of state sanctioned remedies or procedures does not in itself rise to the level of state action, it may be found in the private use of state procedures with the overt, significant assistance of governmental officials. *Id.*

■ In the present litigation, the alleged violation of the Plaintiff's Fifth and Fourteenth Amendment rights are not fairly attributable to any action of a state or federal government. Rather, the conduct which is complained of is solely that of a private corporation insofar as it arose as the result of agreements that the Plaintiff entered into with the NASD and Shearson. It is obvious, therefore, that the federal claim set forth in the Plaintiff's Verified Amended Complaint is not "substantial" and falls within that small category of purported federal question cases to which other courts have held to be obviously without merit or wholly frivolous. *See, Hagans, supra.* Consequently, the NASD's removal of the above styled action on this basis is inappropriate.

### SECTION 15A OF THE SECURITIES EXCHANGE ACT OF 1934

■ The Defendant next contends that removal is proper because the NASD's Code of Arbitration Procedure, which sets forth the allocation of expenses in customer disputes, has been approved by the Securities and Exchange Commission ("SEC") pursuant to Section 15A of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78*o*-3. Even if one were to assume, however, that such an allegation is true, NASD's contention amounts to a federal defense to the Plaintiff's assertion. While such an assertion may indicate that in the course of litigation a question of federal law may arise, this by itself does not show that the suit, that is, the Plaintiff's cause of action, arises under the Constitution or the laws of the United States.

*Franchise Tax, supra* 463 U.S. at 10, 103 S.Ct. at 2846.

Under the present statutory scheme, a Defendant may not remove a proceeding to federal court unless the Plaintiff's "well pleaded complaint" establishes that the case "arises under" federal law and the right or immunity created by the Constitution or laws of the United States is an element, and an essential one, of the Plaintiff's cause of action. *Id.* at 10–11, 103 S.Ct. at 2846–47. Although the accepted rule in this circuit is that upon removal the district court should inspect the Complaint carefully to determine if a federal claim is presented, *Mobil Oil Corp. v. Coastal Petroleum Co.,* 671 F.2d 419 (11th Cir.1982), the conclusion remains that resolution of the present case does not depend necessarily on federal law. As such, the second ground asserted by the Defendant also cannot serve as a basis for removal of the Plaintiff's Verified Amended Complaint and the court lacks subject matter jurisdiction over this cause.

In view of all the foregoing, it is ORDERED and ADJUDGED that the above styled action is REMANDED to the Seventeenth Judicial Circuit in and for Broward County from which it was improvidently removed.

DONE and ORDERED.