**RAYMOND JAMES & ASSOCIATES, INC., Plaintiff,**

v.

**NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., John B. Benton, William Blackshear, Betty J. Blackshear, Melvyn M. Erenberg, Kenneth L. Fleischman, Marcia C. Fleischman, Steven D. Gitomer, Deborah A. Gitomer, Alvin J. Goldenstein, Georgia S. Goldenstein, Gerald Goldenstein, Robert S. Goodroe, Eric Heppenstall, Joseph A. Lekes, Mary Edna Lekes, G.T. Mainwaring, Elinor L. Mainwaring, Donald F. Manguson, Norman K. Matheson, M.E. Lucienne Matheson, Rhonda O'Connor Regan, Tommy M. Olson, Jean T. Olson, Larry L. Peters, Gwen C. Peters, Lavern**

---

J. Reichert, Edna R. Reichert, Gregory A. Rice, Elaine E. Richard, Robert C. Stedman, Ray S. Taylor, Violet T. Taylor, Richard H. Walkden, Bernice M. Walkden, and Robert F. Wildpret, Defendants.

No. 93–2235–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 9, 1994.

Florence E. Harmon, Charles Alvin Wachter, Hala A. Sandridge, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for plaintiff.

Rodney W. Morgan, Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, FL, Betty G. Brooks, Law Office of Betty G. Brooks, Washington, DC, for defendant Nat. Ass'n of Securities Dealers, Inc.

Joel A. Goodman, Kalju Nekvasil, William L. Lyman, P.A., Safety Harbor, FL, for all other defendants.

### ORDER ON MOTIONS TO DISMISS

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Defendant's, National Association of Securities Dealers ("NASD"), Motion to Dismiss (doc. no. 20) and Defendants', John B. Benton, et al., Motion to Dismiss (doc. no. 13).

#### FACTS

Plaintiff, a registered broker/dealer underwrote and sold partnership units in Family Group Broadcasting Limited Partnership in 1987. All of the individually named Defendants purchased partnership units in Family Group Broadcasting from Plaintiff. Most of these transactions were completed by March 25, 1987, although a few were purchased subsequently.

On March 17, 1993 the individually named Defendants submitted claims for arbitration to Defendant NASD alleging that Plaintiff had failed to conduct reasonable and adequate due diligence prior to marketing the Family Group offering to the public, had charged excessive underwriting and management fees in connection with the partnership, had failed to have a reasonable basis for recommending the security to the public, had made numerous material misrepresentations and had failed to disclose numerous material facts in connection with the sale of these partnership units. The Uniform Submission Agreement to NASD arbitration authority had been signed by the investors' attorney, rather than the investors themselves, as required by the NASD. The submission agreements signed by the investors were not returned until May 11, 1993.

Plaintiff subsequently filed a motion with the NASD Director of Arbitration to partially dismiss the Investors' Statement of Claim, alleging that most of the investors had purchased their units more than six years prior to the filing of the arbitration claim. The

NASD Code of Arbitration Procedure provides a six year statute of limitations for submission to arbitration.[1] The Director denied this motion, finding that the investors had filed within the six year statute of limitations, even though there were technical problems with the filing which were cured at a later date.

Plaintiff then filed this action in district court seeking to interlocutorily appeal the Director of Arbitration's ruling and permanently enjoin the arbitration. Defendants have filed Motions to Dismiss the suit, alleging that this Court lacks subject matter jurisdiction of the case.

#### DISCUSSION

On a motion to dismiss the Court must view the allegations of the complaint in the light most favorable to the plaintiff and consider the allegations of the complaint as true. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Development Corp.* 711 F.2d 989, 994–995 (11th Cir.1983). Furthermore, on a motion to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of showing that he has properly invoked the court's jurisdiction. *Barton v. City of Eustis, Fla.* 415 F.Supp. 1355, 1357 (M.D.Fla.1976).

It is undisputed that there is no diversity jurisdiction in this case. Plaintiff is a Florida based corporation and several of the individual defendants are Florida residents.

Defendants argue, correctly, that there can be no subject matter jurisdiction under the Federal Arbitration Act. It is well settled that the Federal Arbitration Act does not provide an independent basis of jurisdiction. "The Arbitration Act ... creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal question jurisdiction under 28 U.S.C. § 1331 ... or otherwise." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.* 460 U.S. 1, 103 S.Ct. 927,

---

1. The six year statute of limitations expired on March 25, 1993, which is six years after the

partnership units were considered "purchased."

74 L.Ed.2d 765 (1983). *Southland Corp. v. Keating* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).

Plaintiff contends that the basis for subject matter jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331 and the Securities Exchange Act of 1934, § 27, 15 U.S.C. § 78aa. Section 27 of the Securities Exchange Act provides in pertinent part that "[t]he district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter . . . and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter. . . ."

Plaintiff contends that Defendant NASD has violated § 19(g)(1) of the Securities Exchange Act which states, "Every self-regulatory organization shall comply with the provisions of this chapter, the rules and regulations thereunder, and its own rules. . . ." Plaintiff argues that the NASD's Director of Arbitration did not comply with its own rules by finding that the investors' claims had been filed within the required six year statute of limitations, since all of the paperwork was not completed until after the statute of limitations had expired.[2] Plaintiff claims that the NASD misinterpreted and misapplied its own rules, and therefore did not comply with its own rules in violation of the Securities Exchange Act, § 19(g)(1).

Plaintiff has presented a unique argument. Neither of the parties, nor this Court, can find any case in which this argument has been presented in this way. There are several cases which stand for the proposition that the NASD rules themselves do not give rise to federal question jurisdiction. *See Application of Prudential Securities, Inc.*, 795 F.Supp. 657 (S.D.N.Y.1992), *Bahr v. National Association of Securities Dealers* 763 F.Supp. 584 (S.D.Fla.1991), and *Lange v. H. Hentz & Co.* 418 F.Supp 1376 (N.D.Tex. 1976). However, that is not the issue in this case. Plaintiff maintains that the NASD violated the duty imposed by § 19(g)(1) of the Securities Exchange Act by not complying with its own rules, e.g. the six year statute of limitations. This is a case of first impression in this Circuit.

In support of its proposition, Plaintiff analogizes § 19 to § 6(b) of the Securities Exchange Act, which states:

> An exchange shall not be registered as a national securities exchange unless the Commission determines that—
>
> > (1) Such exchange is so organized and has the capacity to be able to carry out the purposes of this chapter and to comply . . . with the provisions of this chapter, the rules and regulations thereunder, and the rules of the exchange.

15 U.S.C. § 78f(b)(1). Plaintiff argues that since the regulatory purpose of § 6 was expanded to include self-regulatory organizations, like the NASD, any private right of action implicit in § 6 should also be implied in § 19 by direct analogy. Plaintiff then contends that when the Securities Exchange Act was substantially amended in 1975, Congress was aware of the private right of action that had been found in § 6 and did not forbid it in its amendments; therefore Congress implicitly condones a private right of action in § 6. While this may very well be true, the fact that Congress and the courts have condoned private rights of action in § 6, which deals with exchanges, does not translate into Congress condoning a private right of action against self-regulatory organizations dealt with in § 19.

While Plaintiff has made some very interesting and complex arguments about finding a private right of action in § 19 of the Securities Exchange Act, the Court concludes that these arguments are smoke and mirrors. Arguing that § 6 has an implicit private right of action component which was condoned in the 1975 amendments to the act by Congress is correct. However, in no way can a direct analogy be made to § 19 of the Act. There is no legislative history to indicate that Congress intended to have a private right of action arise out of § 19, nor has any court found any private action implicit in the provision. This Court refuses to be the first.

---

**2.** Plaintiff contends that the filing of the additional paperwork on May 11, 1993 was an entirely different claim than was filed on March 17, 1993 because among other things, different parties were listed. The Court does not find it necessary to discuss this disputed factual issue to reach its decision concerning jurisdiction.

■ Regardless of whether there is a right of action in § 19, because there is one in § 6 as Plaintiff suggests, regardless of whether the Federal Arbitration Act is the sole remedy for arbitration decisions as the individual Defendants suggest, and regardless of what party filed what document with the NASD and when they filed it, as Plaintiff argues, the fact is that this Court has **no** jurisdiction to hear this case. There is no subject matter jurisdiction under 28 U.S.C. § 1331, because there no federal question arising under § 19 of the Securities Exchange Act of 1934. Accordingly, it is

**ORDERED** that Defendants' Motions to Dismiss (doc. no. 13 and 20) be **granted.** The Clerk shall enter final judgment of dismissal. All other pending motions are **denied** as moot.

**DONE AND ORDERED.**