**SMITH BARNEY, INC., and Robert Nixon, Plaintiffs,**

v.

**PAINTERS LOCAL UNION NO. 109 PENSION FUND, and James King, Larry Curtice, and Robert Briggs, Jr., in their capacities as Trustees for Painters Local Union No. 109 Pension Fund, Defendants.**

No. 8:CV96–178.

United States District Court,
D. Nebraska.

Sept. 27, 1996.

Jeff A. Anderson, Kathleen M. Quinn, Kutak, Rock, Omaha, NE, Kenneth C. Stephan, Knudsen, Berkheimer, Lincoln, NE, for Plaintiffs.

Gail E. Boliver, Omaha, NE, for Defendants.

## MEMORANDUM AND ORDER

CAMBRIDGE, Chief Judge.

This matter is before the Court on Defendants' appeal (filing 19) of Magistrate Judge Thalken's order (filing 18) granting Plaintiffs' motion to remand this case to state court (filing 5).

The appropriate standard of review is set forth in 28 U.S.C. § 636(b)(1)(A): a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The local rules of procedure provide that, upon appeal, the district judge "shall modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof found to be clearly erroneous or contrary to law." NELR 72.3(d).

I have carefully reviewed the magistrate judge's memorandum and order, the case law, and the arguments briefed by the parties. I find and conclude that nothing in that order is clearly erroneous or contrary to the law. Accordingly, I will affirm Magistrate Judge Thalken's ruling.

The magistrate judge granted the motion to remand this case to state court because this court lacks subject-matter jurisdiction over the dispute. Well-settled law holds that federal jurisdiction must be apparent from the face of a properly pleaded complaint. A federal defense alone is insufficient to bring the case to federal court. *See, e.g., Gaming Corp. of America v. Dorsey & Whitney*, 88 F.3d 536, 542–43 (8th Cir.1996); *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992). An exception to the well-pleaded complaint rule exists in situations of "complete preemption," when federal law is so dominant in a specific field that it transforms ordinary state law claims into federal claims for purposes of removal jurisdiction. *Gaming Corp.* at 543. ERISA is such a claim. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

Despite Defendants' vigorous arguments to the contrary, the case they are attempting to remove from state court does not deal in any more than a tangential fashion with ERISA. This, perhaps, is the key distinguishing feature from *Kramer v. Smith Barney*, 80 F.3d 1080 (5th Cir.1996).[1] In *Kramer*, the plaintiff had filed his complaint in state court, seeking relief on claims against Smith Barney and one of its brokers which he had been precluded from arbitrating. The state law claims in that complaint were preempted by ERISA, according to the court, and thus were properly removed to federal court. *Id.* at 1082–84.

In the present case, the state court petition asks for injunctive and declaratory relief under state law provisions, in an effort to enjoin the NASD arbitration sought by the defendants. Federal subject-matter jurisdiction is not apparent from the face of the petition, and could only be invoked by looking to the underlying dispute. The magistrate judge found that to be an improper method of obtaining jurisdiction in this case, and I agree with his conclusions. Therefore, as the magistrate judge's findings and conclusions are not clearly erroneous or contrary to law, his decision will be affirmed.

IT IS ORDERED:

1. Defendants' appeal (filing 19) of Magistrate Judge Thalken's order (filing 18) is denied;

2. The magistrate judge's order (filing 18) remanding this case to state court is affirmed; and

3. The stay (filing 21) that had been in place pending the ruling on this appeal is hereby lifted.

---

1. Defendants should not need to be reminded that Fifth Circuit law is not binding in this jurisdiction, regardless of Smith Barney's posture in the case.

## MEMORANDUM AND ORDER

THALKEN, United States Magistrate Judge.

This matter is before the court on the motion of the plaintiffs, Smith Barney, Inc. (hereinafter "Smith Barney") and Robert Nixon, to remand this case to state court (Filing No. 5). Also before the court are the motions of the defendants for oral argument (Filing Nos. 8 and 15) on the motion to remand. The parties have fully briefed the issues before the court and the motions for oral argument (Filing Nos. 8 and 15) will be denied.

## BACKGROUND

In 1986, Painters Local Union No. 109 Pension Fund (hereinafter the "Fund") contacted the brokerage firm of Shearson, Lehman, Mutton (hereinafter "Shearson")[1] with the intention of having the firm make investments to benefit the Fund. Robert Nixon, an employee of Shearson, was chosen as the investment advisor to handle this account. Nixon signed a contract with the Fund which contained a document stating that all disputes that might later arise between these parties were to be submitted to arbitration before the NASD Arbitration Board, and the conduct of the parties was to be governed by the NASD's rules and bylaws.

During the late 1980s, Nixon made investments for the Fund, but it became dissatisfied at his handling of its affairs; the Fund alleges conflicts of interest, bad financial management and fraud, as well as a violation of duties owed under federal laws such as the Employee Retirement Income Security Act (ERISA). Since the contract specified that the rules of the NASD—a trade organization of which Mr. Nixon is a member—governed, the Fund submitted an arbitration claim to the NASD arbitration authorities on December 15, 1995.

Nixon and his employers responded by filing an action on February 20, 1996 in the District Court of Douglas County, Nebraska, asking that court to enjoin the pending NASD arbitration. The vehicle chosen by the plaintiffs to obtain an injunction of the pending arbitration proceedings was Nebraska's Uniform Declaratory Judgments Act (NUDJA), Neb.Rev.Stat. §§ 25–21,149, *et seq.*

The plaintiffs claimed that, pursuant to the terms of their contract, the Fund's claim was not arbitrable because the NASD rules state that a claim cannot be arbitrated more than six years after the events giving rise to the claim took place. The plaintiffs argued that the events giving rise to the Fund's claim were the purchases and investments, the last one of which occurred in December 1989, just barely more than six years before the arbitration claim was filed in 1995. The theory on which the plaintiffs sought their injunction was based in the terms of the contract, a theory which necessarily involves the interpretation of the NASD rules.

The Fund replied by disputing that the purchases themselves were the real events that gave rise to the claim; it also argues that under *FSC Securities v. Freel,* 14 F.3d 1310 (8th Cir.1994), the NASD six-year "statute of limitations" is somewhat elastic. In any event, the Fund argues that the NASD arbitration board should be the entity to decide whether or not the claim is arbitrable. The Fund also filed a counterclaim, alleging a breach of contract by the plaintiffs in failing to abide by the apparent agreement to have all disputes arbitrated by the NASD.

On March 18, 1996, the defendants removed this case from the District Court of Douglas County, Nebraska, to this court. They assert that this court has original subject matter jurisdiction because of the status of the NASD (which was created by the Securities Exchange Act of 1934), and they claim jurisdiction is appropriate pursuant to 15 U.S.C. § 78aa. Alternatively, they argue that federal question jurisdiction exists because of the underlying issues that deal both with securities, over which the federal courts have almost exclusive jurisdiction, the Federal Arbitration Act (FAA), and ERISA. The plaintiffs have responded with the instant motion to remand, arguing that this court has no jurisdiction under the FAA, the NASD rulès, ERISA, or any of the underlying issues in the dispute.

---

1. Shearson was later purchased by Smith Barney, which assumed all duties and contractual obligations of Shearson. *See* Plaintiff's Brief at 1.

**1296**

## ANALYSIS

The defendants argue that *FSC Securities Corp. v. Freel,* 14 F.3d 1310 (8th Cir.1994), is a " 'bullet between the eyes' of Plaintiffs' argument." Defendants' Surreply Brief at 5. That case held that when parties expressly agree to have disputes governed by the NASD Code of Arbitration Procedure, they are manifesting a 'clear and unmistakable' expression of their intent to leave the question of arbitrability to the arbitrators." *Id.* at 1312–13. *Freel,* however, is more of a broadside fired by the defendants which misses its mark. Whether or not *Freel* requires a federal court in the Eighth Circuit to send the question of arbitrability to the NASD in a given case is irrelevant if the case is improperly before a federal court.

At this point there is one, and only one, issue for the court's resolution. The court must decide, not *whether* the NASD should decide the question of arbitrability, but rather, *which court* must decide whether the NASD should decide the question of arbitrability. It is elementary that the party asserting federal subject matter jurisdiction has the burden of establishing jurisdiction, in this case the removing defendants. Generally, federal jurisdiction must be apparent from the face of the plaintiffs' well-pleaded complaint; a federal defense that the defendants may raise does not invoke federal jurisdiction. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). *See generally* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3722 (2d ed.1985) and 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §§ 3562, 3566 (2d ed.1984).

The defendants essentially assert four separate "bases" for establishing federal subject matter jurisdiction over the instant dispute: 1) the Federal Arbitration Act (FAA) coupled with interstate commerce concerns, 2) the NASD rules, 3) ERISA, and 4) the underlying issues of the dispute. The court will address each of these arguments *seriatim.*

### A. Federal Arbitration Act (FAA)

■ The defendants concede that the FAA, standing alone, does not confer federal question jurisdiction. *See* Defendants' Surreply Brief at 5. However, they argue that "the FAA, when combined with commercial interests, does create federal question jurisdiction." *Id.* The removal jurisdiction of the federal courts must be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *see also Continental Ozark, Inc. v. Fleet Supplies, Inc.,* 908 F.Supp. 668, 670 (W.D.Ark.1995); *Iowa Comprehensive Petroleum Underground Storage Tank Fund Board 990C80656 v. Amoco Oil Co.,* 883 F.Supp. 403, 407 (N.D.Iowa 1995). The court is unable to extend federal question jurisdiction over this case on the speculative basis that the United States Supreme Court *may* choose to exercise jurisdiction on this basis in the future.

### B. NASD Rules

■ The determination of whether or not this claim is arbitrable will turn on the interpretation of the NASD rules. The defendants argue that such an interpretation is a federal question; the court disagrees. Although the Eighth Circuit has yet to rule upon whether or not these rules can confer federal subject matter jurisdiction, the court feels confident that it would reach the same conclusion as that of the Northern District of Texas in *Lange v. H. Hentz & Co.,* 418 F.Supp. 1376, 1380 (N.D.Tex.1976) (A breach of NASD rules "does not present a question which arises under the laws of the United States."). *See also Ford v. Hamilton Investments, Inc.,* 29 F.3d 255 (6th Cir.1994); *Nelson v. Hench,* 428 F.Supp. 411, 420 (D.Minn. 1977) (The NASD rules do not "form the basis of a private remedy."); *Raymond James & Assoc. v. Nat'l. Assoc. of Securities Dealers, Inc.,* 844 F.Supp. 1504 (M.D.Fla. 1994); *In re Prudential Securities, Inc.,* 795 F.Supp. 657, 659 (S.D.N.Y.1992) ("NASD rules are established and enforced by a private association and do not give rise to federal question jurisdiction."). Accordingly, the court does not find there to be federal subject matter jurisdiction on the basis of the NASD rules.

## C. ERISA

The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, preempts "every state law that 'relate[s] to' an employee benefit plan governed by ERISA." *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990), *quoting* 29 U.S.C. § 1144(a); *see also Minnesota Chapter of Associated Builders and Contractors, Inc. v. Minnesota Dept. of Labor and Industry,* 47 F.3d 975, 978 (8th Cir.1995). " 'Relates to' has been read expansively." *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1077 (7th Cir.1992), *citing Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *also citing Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

█ A claim which involves ERISA issues without expressly acknowledging the statute can still be governed by ERISA and its preemption clause. *See Vickery v. United Medical Resources, Inc.,* 43 F.3d 1208 (8th Cir.1994). However, "[n]otwithstanding its breadth, [the Supreme Court] has recognized limits to ERISA's preemption clause." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990). "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21, *citing American Telephone and Telegraph Co. v. Merry,* 592 F.2d 118, 121 (2d Cir.1979).

█ The state law in question for the instant dispute is Nebraska's Uniform Declaratory Judgments Act (NUDJA), Neb.Rev. Stat. §§ 25–21,149, *et seq.* The United States Supreme Court has held ERISA preemption inapplicable to "a generally applicable statute that makes no reference to, [and] indeed functions irrespective of, the existence of an ERISA plan." *Ingersoll–Rand Co.,* 498 U.S. at 139, 111 S.Ct. at 483. The NUDJA is just such a law. Having examined the record in the instant case, the court finds that this action impacts an ERISA plan in "too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21, *citing American Telephone*

*and Telegraph Co. v. Merry,* 592 F.2d 118, 121 (2d Cir.1979). Accordingly, the court finds no basis for federal question jurisdiction pursuant to ERISA.

## D. Underlying Issues of the Dispute

█ The plaintiffs are asking the court to order the NASD arbitration of a dispute between the parties. Analyzing the propriety of federal question jurisdiction in this context does not permit the court to inquire as to the substantive nature of the underlying dispute.

> Under the well-pleaded complaint rule, a suit does not come within the federal question jurisdiction unless a proper statement of the relief sought would necessarily include reference to federally created rights.... The nature of the underlying dispute ... is not part of a well-pleaded complaint asking the court to order arbitration.

*Drexel Burnham Lambert, Inc. v. Bock,* 696 F.Supp. 957, 963 (S.D.N.Y.1988). The only issue raised in the plaintiffs' petition (Filing No. 1, Exhibit A) and the defendants' answer and counterclaim (Filing No. 1, Exhibit B) appears to be the enforceability of certain arbitration agreements signed by the parties. Actually deciding the merits of the underlying dispute is unnecessary to affording complete relief to the parties. Accordingly, the court will not look to the underlying merits of this case and finds this to be an inappropriate method of asserting federal question jurisdiction.

Having now examined the various bases for exercising federal subject matter jurisdiction over this dispute, the court finds that the defendants have failed to carry their burden of establishing jurisdiction. Accordingly,

**IT IS ORDERED:**

1. The plaintiffs' motion to remand made pursuant to 28 U.S.C. § 1447(c) (Filing No. 5) is granted and this case is remanded to the District Court of Douglas County, Nebraska.

2. The defendants' motions for oral argument (Filing Nos. 8, 15 and 17–2) are denied.

3. The defendants' motion to amend the notice of removal (Filing No. 16) is denied.

4. The defendants' motion to add new authority (Filing No. 17–1) is granted.

5. Pursuant to NELR 72.3 any appeal of this Memorandum and Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Memorandum and Order. Failure to timely object may constitute a waiver of any such appeal. The brief in support of any appeal shall be delivered to Chief Judge William G. Cambridge at the time of filing such appeal. Failure to submit a brief in support of any appeal may be deemed an abandonment of the appeal.

6. The Clerk is ordered to withhold the transmittal of this file to the District Court of Douglas County until **August 23, 1996.** Should an appeal be filed in accordance with NELR 72.3, the transmittal of the file shall await the resolution of such appeal.