**Phillip H. PETRIE and Judith E. Petrie, Plaintiffs,**

**v.**

**THE PACIFIC STOCK EXCHANGE, INC. and Does 1 through 10, inclusive, Defendant.**

**No. C–97–0927 MHP.**

United States District Court, N.D. California.

Oct. 27, 1997.

---

Jerome Sapiro, Jr., Timothy A. Canning, Sapiro Law Firm, San Francisco, CA, for Plaintiffs.

Kathleen M. Pratt, Sloan & Pratt, San Francisco, CA, Kathryn L. Beck, John C. Katovich, Pacific Exchange Inc., San Francisco, CA, for Defendant.

## *AMENDED ORDER*

PATEL, District Judge.

Plaintiffs Phillip H. and Judith E. Petrie ("Petries") originally filed this action in San Francisco County Superior Court based on various breach of contract claims against defendant Pacific Stock Exchange ("Exchange").[1] Pursuant to 28 U.S.C. sections 1441 and 1446, the Exchange filed a notice of removal, premised solely on federal question jurisdiction, 28 U.S.C. § 1441(b). In its notice of removal, the Exchange asserted that federal question jurisdiction existed under section 27 of the Securities Exchange Act ("Act"), 15 U.S.C. § 78aa, because the Petries' claims arose out of violations of various provisions of the Act, 15 U.S.C. § 78 et seq.[2] The Exchange now files a motion to dismiss the Petries' suit for failure to state a claim, or in the alternative, for judgment on the pleadings pursuant to Federal Rules of Civil

---

**1.** Plaintiffs' sued the Exchange as the "Pacific Stock Exchange, Inc." However, the Exchange has recently changed its name to "Pacific Exchange, Inc." The court will refer to "the Exchange."

**2.** Section 27 of the Act reads, in relevant part, [t]he district courts of the United States ... shall have exclusive jurisdiction of violations of this title [the Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or

duty created by this title or the rules and regulations thereunder.

15 U.S.C. § 78aa. It is not clear from the Exchange's removal notice which provisions the Act are implicated. However, in the supporting papers to their motion to dismiss, the Exchange appears to provide various parts of section 19 of the Act, 15 U.S.C. §§ 78s, 78t, and 78s(g)(1), as the provisions which the Petries' allege have been violated. The Petries' complaint, however, does not refer to any of these provisions.

Procedure 12(b)(6) and 12(c). The Petries, however, contend that this court does not have subject matter jurisdiction over this action and that the action must be remanded to state court.

Because the court finds that it cannot exercise federal question jurisdiction over this action, it does not reach the issue of whether the Petries failed to state a claim or whether it is possible to grant judgment on the pleadings.

## BACKGROUND

This case provides a factual twist to the run-of-the-mill cases in which a party seeks to compel another to arbitrate disputes arising between them as agreed upon by contract. Here, the Petries do not request the court to compel another party to enter arbitral proceedings; rather, they ask the court to compel the Exchange—the arbitral forum—to proceed with the arbitration they initiated against the arbitration respondents according to their interpretation of the Exchange's arbitral rules.

The underlying dispute in this litigation concerns several investments made by the Petries in four investment accounts on the advice of their investment advisor, Robert Luebkeman, and SunAmerica Securities, Inc. ("SunAmerica").[3] The Petries claim they suffered significant losses as a result of their reliance on Mr. Luebkeman's "valueless" investment advice. Pl.Opp. at 2. In response, the Petries initiated an arbitration proceeding against both SunAmerica and Luebkeman (collectively, the "arbitration respondents") in the Exchange's arbitration forum.[4]

The Petries filed a Uniform Submission Agreement ("USA") with the Exchange on August 8, 1994, regarding their claims against SunAmerica and Luebkeman. In November 1994, SunAmerica filed its answer to the Petries' claims and in December 1994 filed a USA with the Exchange. Luebkeman also filed an answer to the complaint in December 1994, and in January 1995, filed a USA with the Exchange. The Exchange's USAs demonstrate a party's desire to submit their claims to arbitration in accordance with the rules of the Exchange as well as to abide by any order or award rendered in the arbitration.

In November 1994, SunAmerica filed with the arbitral panel a motion to dismiss—to which Luebkeman later joined—and requested a prehearing conference. On January 1995, the Petries filed a response to SunAmerica's motion to dismiss. In May 1995, the Exchange notified the parties that the Petries' arbitration claim would be heard on September 26, 27, and 28, 1995, and later selected three arbitrators to hear the claim. The Exchange also named Alfred Knoll as the chairman of the arbitration panel.

Prior to the pre-hearing conference, SunAmerica filed a complaint for declaratory and injunctive relief in federal court, *SunAmerica v. Petrie*, Civ. No. 95–1656 IEG (S.D.Cal.), seeking to halt the arbitration. SunAmerica also sought a continuance of the arbitration in order to allow the court to decide the issue of arbitrability. However, SunAmerica later dismissed its complaint.

The parties agreed to participate in a prehearing conference before Chairman Knoll on September 7, 1995, to discuss the arbitration respondents' motion to dismiss. At the pre-hearing conference, eventually held on March 25, 1996, Chairman Knoll issued an order staying the arbitration proceeding pending a judicial determination of whether the Petries' claim against the arbitration respondents was arbitrable. In its order, the Chairman found that the arbitration respondents' answer and motion to dismiss constituted a refusal to arbitrate and that the

---

**3.** Neither SunAmerica nor Luebkeman are named in the Petries' complaint and are not parties in this action.

**4.** The Petries' allege that the Exchange is a "not for profit corporation organized under the laws of California." Complaint, ¶ 2. The Exchange however contradicts the Petries' assertion; instead, it claims that is a "non-stock corporation organized under the laws of Delaware." Def. Mem., at 5–6. Both parties, however, agree that

the Exchange is registered with the Securities and Exchange Commission ("SEC") as a national securities exchange under Section 6 of the Securities and Exchange Act, 28 U.S.C. § 78f, and is a "self-regulatory organization" as defined by section 3(a)(26) of the Act, 15 U.S.C. § 78c(a)(26). Furthermore, the SEC is the "appropriate regulatory agency" for the Exchange pursuant to section 3(a)(34)(E) of the Act, 15 U.S.C. § 78c(a)(34)(E).

arbitration panel did not have jurisdiction to arbitrate the claim.

The Petries filed suit against the Exchange in San Francisco Superior Court on February 7, 1997, seeking specific performance of the Exchange's alleged contractual agreement to provide arbitration services. The Petries also sought to compel the Exchange to appoint what they termed a "neutral arbitrator" under California law. In their complaint, the Petries made two references to the Securities and Exchange Commission ("SEC") and its relation to the Exchange. First, the Petries alleged that the "[the Exchange] is a securities exchange, regulated by the Securities and Exchange Commission." Def. Notice of Removal, Exh. B ¶ 2. Second, they alleged that "[the Exchange] has adopted rules and regulations governing its administration of arbitration proceedings." *Id.*, at ¶ 10. They further alleged that "[s]aid rules and regulations have been approved by the United States Securities and Exchange Commission." *Id.* The Petries, however, made no explicit reference to the Act.

The Exchange subsequently filed a notice of removal to federal court on March 17, 1997, on federal question jurisdiction grounds pursuant to 28 U.S.C. section 1441. In its removal action, the Exchange asserted that the Petries alleged that the Exchange failed to follow its own rules and regulations promulgated under the Act, 15 U.S.C. sections 78 *et seq.* It also claimed that under 15 U.S.C. section 78aa jurisdiction for claims based on the Act lie exclusively in federal court. The Exchange answered the Petries' complaint on March 27, 1997, and later filed this motion to dismiss.

*LEGAL STANDARD*

 A defendant must file a notice of removal in the federal district courts within thirty days after the receipt by the defendant of a copy of the plaintiff's initial pleading. 28 U.S.C. § 1446(b). Once a defendant has filed the notice of removal, a plaintiff objecting to the removal "on the basis of any defect in removal procedure" may, within thirty days, file a motion asking the district court to remand the case to state court. 28 U.S.C. § 1447(c). The 30–day limit does not apply to jurisdictional defects. 28 U.S.C. section 1447(c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996). The defendants bear the burden of proving the propriety of removal. *Id.*

 As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). Absent jurisdiction based on diversity of citizenship,[5] an action is removable to federal courts if it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(b). However, merely referring to a federal statute does not establish federal jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234–35, 92 L.Ed.2d 650 (1986). A "substantial, disputed question of federal law is a necessary element of one of [the plaintiffs] well-pleaded state claims." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). In the opinion of leading scholars, a cause of action may arise under federal law if "in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and applicability to his case of a proposition of federal law." P. Bator, P. Mishkin, D. Shapiro & H.

---

**5.** The Exchange bases its removal notice solely on federal question jurisdiction under section 78aa; it makes no averment of jurisdiction based on the diversity of citizenship. *See* Def.Notice of Removal. The Exchange cannot now contend, as it does in its Reply Memorandum in support of its motion to dismiss, that "even were plaintiffs correct in asserting that no 'federal question' jurisdiction exists ... this court has diversity jurisdiction over these claims, because the Ex-

change is a Delaware corporation and plaintiffs are California residents." Def.Reply Mem., at 3 n. 3. Nonetheless, the Petries believe that the Exchange is a California corporation. Def.Notice of Removal, Exh. A ¶ 2. There remains some question as to which states the Exchange belongs for the purposes of diversity jurisdiction. However, the attempt to assert removal jurisdiction based on diversity is not timely.

Weschler, Hart and Weschler's The Federal Courts and the Federal System 889 (2d ed 1973). Federal defenses that the defendants may raise do not confer federal jurisdiction on the plaintiffs' claims. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987).

■ Finally, the "well-pleaded complaint rule" governs the presence or absence of federal question jurisdiction. It provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392, 107 S.Ct. at 2429. The well-pleaded complaint rule makes the plaintiff the "master of the claim: he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citations omitted). Thus, a plaintiff may by the allegations of his or her complaint determine whether his or her case is removable to the federal courts. *See id.,* at 392 n. 7, 107 S.Ct. at 2429 n. 7 (citing *Great Northern R. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239–40, 62 L.Ed. 713 (1918)).

## DISCUSSION

The threshold issue is whether this action was properly removed to federal district court. The general rule established by section 1441(b) is that a state court defendant may remove a case to federal court only if the plaintiff's claims are of a nature that the federal court could have properly exercised jurisdiction over them. 28 U.S.C. §§ 1441(a) and 1447(c).

The Exchange provides a deceptively straightforward argument as to why this court should exercise federal question jurisdiction over this dispute.[6] The Exchange first correctly asserts that the Petries allege that the Chief Arbitrator did not act in accordance with the Exchange's arbitral rules. Second, the Exchange states that its arbitral rules are promulgated under the authority of sections 19 and 19(b) of the Act, 15 U.S.C. §§ 78s and 78t, and reviewed by the SEC. Putting the two together, the Exchange reasons that questions involving the application of its arbitral rules necessarily involves a federal question under 28 U.S.C. section 1441(b) since the Exchange's rules are predicated on an SEC determination that the rules are in accordance with the objectives of the Act.[7] The Petries dispute this line of reasoning. They contend that instead their complaint alleges only that the Exchange breached its contract to conduct arbitration proceedings and that it violated its internal rules governing arbitration, both of which are state law causes of action and do not raise any federal questions.

The court must therefore resolve whether the underlying presence of a federal statute in plaintiffs' state law claims confers federal question jurisdiction.[8] As stated above, the mere presence of a federal statute does not establish federal jurisdiction, *Merrell Dow,* 478 U.S. at 813, 106 S.Ct. at 3234–35; rather, the dispute must resolve a substantial question of federal law. *Franchise Tax Bd.,* 463 U.S. at 28, 103 S.Ct. at 2856. The court

**6.** The Exchange also cites to several federal cases to support its argument that an arbitration organization's arbitral immunity precludes suits against the organization in connection with the administration of an arbitration. *See, e.g., Austern v. Chicago Bd. Options Exch., Inc.,* 898 F.2d 882, 886 (2nd Cir.1990), *cert. denied,* 498 U.S. 850, 111 S.Ct. 141, 112 L.Ed.2d 107 (1990); *Wasyl, Inc. v. First Boston Corp.,* 813 F.2d 1579, 1582 (9th Cir.1987); *Olson v. National Association Securities Dealers, Inc.,* 85 F.3d 381 (8th Cir.1996). A quick examination of these cases shows that they were brought under diversity jurisdiction or under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.,* and not under the theory asserted by the Exchange.

**7.** The court notes that the Petries have not filed a motion to remand the case to state court on the basis of any defect in removal procedure. In any case, the 30–day limit imposed by section 1447(c)

on motions to remand has expired. Nonetheless, the court notes that the Exchange filed its notice of removal on March 17, 1997. Def.Notice of Removal. Although the Exchange claims that it received the Petries' state court complaint on February 13, 1997, the court notes that Exhibit C attached to the Exchange's Notice of Removal shows that the Exchange actually received the complaint on February 10, 1997. Def.Notice of Removal, at ¶ 4. The thirty-day time limit for filing a notice of removal had already expired.

**8.** The Exchange relies on *Shearson/American Express v. McMahon,* 482 U.S. 220, 234, 107 S.Ct. 2332, 2341–42, 96 L.Ed.2d 185 (1987), to support its argument that questions regarding a breach of securities exchange rules confers federal question jurisdiction. The citation to *Shearson,* however, stands for the simple proposition that securities exchanges are created under the authority of the Act. That is not in dispute here.

therefore must first decide whether the simple fact that the Exchange's rules are predicated on provisions of the Act creates a substantial question of federal law sufficient to confer jurisdiction. Second, the court also considers whether the Petries even have a private right of action under the Act so as to create federal jurisdiction over their claims.

▮▮▮ First, the court concludes that the interpretation and investigation of the Exchange's rules does not confer federal question jurisdiction over the Petries' claims even though those rules were promulgated under the Act's authority. The rules of a securities exchange are generally considered to be contractual in nature and do not necessarily create a federal question. *See Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Georgiadis,* 903 F.2d 109, 113 (2nd Cir.1990) (reviewing rules of American Stock Exchange). Furthermore, numerous federal courts have considered the issue of whether the interpretation of the rules promulgated by bodies created under the authority of the Act creates a substantial question of federal law, and found that it does not. *See, e.g., In re Prudential Securities, Inc.,* 795 F.Supp. 657, 659 (S.D.N.Y.1992); *Ford v. Hamilton Investments, Inc.,* 29 F.3d 255, 259 (6th Cir. 1994); *Lange v. H. Hentz & Co.,* 418 F.Supp. 1376, 1379 (N.D.Tex.1976) (NASD rules not a federal question within meaning of 28 U.S.C. § 1331); *Blue Water Fabricators, Inc. v. First of Michigan Corp.,* 1988 WL 126568, *3 (E.D.Mich. July 14, 1988) (neither New York Stock Exchange rules nor the Act provide jurisdiction under 28 U.S.C. § 1331); *Smith Barney v. Painters Local Union No. 109 Pension Fund,* 976 F.Supp. 1293 (D.Neb. Sept.27, 1996) (citations omitted).

For instance, in *Lange,* the rules of the arbitration board of the National Association of Securities Dealers ("NASD"), a private association of securities dealers created under section 6(b) of the Act, 15 U.S.C. § 78f, were found not to give rise to federal question jurisdiction "despite [NASD] owing its existence and in large measure its power and prestige to the SEC." *Lange,* 418 F.Supp. at 1379. Rather, the *Lange* court concluded that the NASD was only a "private association governed by its own rules as developed and applied by its own members." *Id.* at 1379. After an exhaustive analysis of the phrase "rules and regulations" contained in section 27 of the Act, the court concluded that section 27 did not broadly provide for federal jurisdiction over breaches of the "rules of the [securities] exchange" created under the Act. *Id.*

The Exchange is no different from other securities exchanges and bodies, like NASD and NYSE, which maintain arbitral forums to resolve disputes between their members and other individuals. The Petries' right to relief does not turn on the resolution of any substantial rule or regulation promulgated under the Act. Rather, all that is required to resolve the Petries' claims is an interpretation of the rules of the Exchange and the submission agreements between the parties. These questions are contractual in nature, and do not create federal question jurisdiction.

Nonetheless, the Exchange argues that the question of whether it has violated the duties imposed by section 19 of the Act confers federal question jurisdiction since section 27 of the Act vests the federal courts with exclusive jurisdiction over violations of the Act. In the same breath, the Exchange argues that the Act does not expressly or implicitly provide the Petries with a private right of action for violations of securities association rules.

▮▮▮ It is true that section 27 of the Act vests the federal courts with exclusive jurisdiction over any alleged violations of the Act. 15 U.S.C. § 78aa. Although section 27 grants jurisdiction to the federal courts, the Ninth Circuit has clearly held that this provision does not expressly authorize private actions for stock exchange rule violations. *In Re VeriFone Securities,* 11 F.3d 865, 870 (9th Cir.1993) (reporting rules of NYSE, NASD and AMEX do not support private right of action); *Jablon v. Dean Witter,* 614 F.2d 677, 679 (9th Cir.1980). Rather, the "source of plaintiffs' rights must be found, if at all, in the substantive provisions of the 1934 Act which they seek to enforce, not in the jurisdictional provision." *Jablon,* 614 F.2d at 680 (quoting *Touche Ross & Co. v. Redington,* 442 U.S. 560, 577, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979)). "The lack of a private right of action counsels against a finding of federal question jurisdiction." *Barbara v.*

**1396**

*New York Stock Exchange, Inc.*, 99 F.3d 49, 54–55 (2nd Cir.1996).

■ Although the Ninth Circuit has not addressed the issue of whether section 19 of the Act provides a plaintiff with a private right of action, other jurisdictions have held that the Act does not create a private right of action for plaintiffs. For instance, in *Raymond James & Assoc., Inc. v. National Association of Securities Dealers, Inc.*, 844 F.Supp. 1504, 1507–08 (M.D.Fla.1994), the plaintiff contended that the defendant NASD violated section 19(g)(1) of the Act,[9] 15 U.S.C. § 78s(g)(1), by not complying with its own rules. The court, however, found that section 19 did not create an implied private right of action, and that, therefore, no federal question arose under section 19 of the Act. *Id.* Similarly, the *Barbara* court found no private right of action under the Act although the plaintiff's complaint made factual allegations that the New York Stock Exchange violated its internal rules. *Barbara*, 99 F.3d at 54. In so doing, the court held that there was no federal question jurisdiction because the rules of a securities exchange should be interpreted "pursuant to ordinary principles of contract law," an "area in which the federal courts have no special expertise." *Id.* at 54–55. *See also Feins v. American Stock Exchange, Inc.*, 81 F.3d 1215, 1219–21 (2nd Cir.1996); *Carapico v. The Philadelphia Stock Exchange*, 1994 WL 50295, *2 (E.D.Pa. Feb.14, 1994), *aff'd*, 43 F.3d 1460 (3rd Cir.1994).

■ The Exchange would like to have it two ways: they would first like to secure federal question jurisdiction through the Act, and then they would like to dismiss this action based on the fact that the Petries have no private right of action for violations of the Exchange's rules. The case law, however, clearly shows that the Petries have no private right of action in enforcing the Exchange's internal rules under the Act. Furthermore, as demonstrated by the case law discussed above, their claims here raise no substantial question of federal law. As such, the Petries would have no right to relief in the federal courts under the Act. Since the

Petries' complaint could not originally have been brought in the federal courts, the court cannot exercise removal jurisdiction over this action. Finally, the court cannot exercise federal question jurisdiction over this action simply based on the fact that the Exchange invokes the Act to assert defenses to the Petries' claims. *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430.

*CONCLUSION*

Because the Exchange has failed to fulfill its burden of establishing federal jurisdiction, the court finds that it cannot exercise federal question jurisdiction over this action. As the court finds that it cannot exercise subject matter jurisdiction over this dispute, it does not reach the issue of whether the Petries have failed to state a claim under Rule 12(b)(6) or for a judgment on the pleadings under Rule 12(c). The Exchange's motion to dismiss is hereby DENIED and this matter is hereby REMANDED.

The Clerk of Court shall transmit forthwith a certified copy of this order to the Clerk of the Superior Court for the County of San Francisco.

IT IS SO ORDERED.

---

9. Section 19(g)(1) provides that "[e]very self-regulatory organization shall comply with the provisions of this chapter, the rules and regulations thereunder, and its own rules ..." 28 U.S.C. § 78s(g)(1).