**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0102n.06
Filed: February 6, 2009

No. 08-1572

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DEALER COMPUTER SERVICES, INC., F.K.A.
FORD DEALER COMPUTER SERVICES, INC.
    *Plaintiff-Appellant,*

                v.

FOX VALLEY FORD
    *Defendant-Appellee.*

_____

On Appeal from the
United States District Court for
the Eastern District of Michigan

Before: KENNEDY, MARTIN, and COLE, Circuit Judges.

**PER CURIAM**. Dealer Computer Services, Inc. ("Dealer Computer") appeals the district court's order denying its motion to vacate an arbitration award permitting Fox Valley Ford ("Fox Valley") to proceed by class arbitration of its contract claims with other car dealerships. Dealer Computer sold and provided repair for computer hardware and software to car dealerships across the country. Fox Valley was among such dealerships. Dealer Computer used boilerplate contracts with Fox Valley and the other car dealerships.

On November 18, 2008, after the parties filed their briefs in this appeal, this Court in *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558 (6th Cir. 2008), decided a case that is virtually identical to the case before us. Dealer Computer was the plaintiff-appellant in both cases. The contracts in both cases have identical arbitration clauses. The procedural posture is the same. Even the attorneys are the same. In *Dub Herring Ford*, we held that we lacked jurisdiction to consider Dealer Computer's motion to vacate the arbitration award for its lack of ripeness. *Id.* at

559. The arbitration panel had not yet certified the car dealerships' claims for class arbitration; it merely decided that the arbitration clauses in Dealer Computer's contracts did not preclude class arbitration. The status of the arbitration award is the same here. The *Dub Herring Ford* court noted that the car dealerships may ultimately fail to secure class certification for their claims and if that occurs, the appellant will not be harmed. *Id.* at 561-62. Furthermore, if the car dealerships obtain class certification, the appellant can still obtain judicial review before commencement of class arbitration and resolution of the merits. *Id.* at 562-63.

Following *Dub Herring Ford*, we VACATE the order of the district court and REMAND the case to the district court with instructions to DISMISS for lack of jurisdiction.