# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2011

No. 11-30068
Summary Calendar

Lyle W. Cayce
Clerk

LOUISIANA HEALTH SERVICE INDEMNITY COMPANY, doing business as Blue Cross Blue Shield of Louisiana,

Plaintiff – Appellee

v.

DVA RENAL HEALTHCARE, INCORPORATED, formerly known as Gambro Healthcare, Incorporated,

Defendant – Appellant

Appeal from the United States District Court for the
Western District of Louisiana, Lafayette
District Court Case No. 05-CV-1450

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant, DVA Renal Healthcare, Inc., challenged a district court decision upholding an arbitration panel's 2007 "partial final" Clause Construction Award, which authorized class arbitration despite the arbitration agreement's silence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30068

on the issue.[1]   DVA asserted that this outcome conflicted with the recent Supreme Court decision in *Stolt-Nielsen*, which held that an arbitration panel exceeded its powers when, for public policy reasons, it allowed a class arbitration to proceed in spite of the agreement's silence on the subject.  While this appeal was pending, the arbitration panel denied the appellee's class certification motion. Appellant now moves to voluntarily dismiss the present appeal "without prejudice," so that it may renew its clause construction objections should the arbitration panel later decide to certify a class.[2]

IT IS ORDERED that appellant's opposed alternative motion to dismiss the appeal without prejudice is GRANTED.

IT IS FURTHER ORDERED that appellant's opposed motion to dismiss the appeal as moot is DENIED.

---

[1] We note that a circuit split exists as to whether federal courts may hear an interlocutory appeal from an arbitral tribunal. *Compare Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558 (6th Cir. 2008) (holding that an arbitration panel's partial ruling that the contract did not bar class proceedings was not ripe for review because the arbitrators had not yet determined that class arbitration should proceed), *with Hart Surgical, Inc. v. Ultracision, Inc.*, 244 F.3d 231, 234 (1st Cir. 2001) (holding that the Federal Arbitration Act permits a district court to confirm or vacate an arbitration panel's "partial award").  The Supreme Court has allowed such an appeal in certain limited circumstances. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 n.2 (2010).  Because this order dismisses the appeal without a decision, we express no opinion as to whether jurisdiction would exist on the facts presented here.

[2] *See Dealer Computer Servs.*, 547 F.3d at 562 ("[I]f the arbitrators in this case ultimately decide to certify [a] class . . . Rule 5(d) would nonetheless provide [the defendant] ample opportunity to obtain judicial review of any arguments it may have against class arbitration, including those challenging the soundness of the arbitration panel's prior Clause Construction Award.").  If the appellant appealed a later class certification, the future panel of this court would need to evaluate our jurisdiction as well as the merits of challenging the clause construction.  We express no opinion as to whether the conclusions of the district court decision appealed here were proper or not.

No. 11-30068

IT IS FURTHER ORDERED that appellee's opposed motion for summary affirmance is DENIED.

IT IS FURTHER ORDERED that appellee's motion for costs is DENIED.

IT IS FURTHER ORDERED that appellant's opposed alternative motion to extend time to file appellant's brief for thirty (30) days after disposition of pending motion is DENIED as moot.