Timothy L. FORD, Plaintiff–Appellant,

v.

HAMILTON INVESTMENTS,
INC., Defendant–Appellee.

No. 93–1305.

United States Court of Appeals,
Sixth Circuit.

Argued April 22, 1994.

Decided July 15, 1994.

John R. Parnell, Walter L. Baumgardner, Jr. (argued and briefed), Musilli & Baumgardner, St. Clair Shores, MI, for Timothy L. Ford.

Grady Avant, Jr. (argued), Sandra J. LeFevre, Daniel M. Brinks, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, John R. Clark (briefed), Detroit, MI, for Hamilton Investments, Inc.

Before: MERRITT, Chief Judge; and KENNEDY and NELSON, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

This is an appeal from a district court order, entered pursuant to § 9 of the Federal Arbitration Act, confirming a National Association of Securities Dealers arbitration award. Federal courts may hear cases under the Arbitration Act only where some independent basis for federal jurisdiction exists, and the dispositive question presented here—a question that we have raised *sua sponte*—is whether the district court had jurisdiction over the subject matter of the instant case.

Both parties contend that federal-question jurisdiction is conferred by 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because the controversy was submitted to arbitration pursuant to an agreement signed by the plaintiff in applying to become a registered representative for a firm that belonged to the National Association of Securities Dealers, and because the association's rules could not take effect until the Securities and Exchange Commission had determined that the rules met certain statutory criteria, the parties suggest that the nexus with the Securities Exchange Act of 1934, the statute that created the Commission, is strong enough to warrant the conclusion that the case is one "arising under" the statute.

We do not find the suggestion well taken. Accordingly, and because no other basis for the exercise of federal jurisdiction appears on the face of the complaint or otherwise, we shall remand the case to the district court with instructions to vacate the order appealed from and dismiss the case for want of jurisdiction.

## I

Defendant Hamilton Investments, Inc., a securities dealer formerly known as Illinois Company Investments, Inc., apparently hired plaintiff Timothy L. Ford in October of 1989 as manager of the firm's office in Dearborn, Michigan.[1] Mr. Ford promptly signed a form applying for registration, as an employee of the defendant, with the New York and American Stock Exchanges and the National Association of Securities Dealers.[2] In sign-

ing the application form, Mr. Ford stated "I agree to arbitrate any dispute . . . that may arise between me and my firm . . . that is required to be arbitrated under the rules . . . of the organizations with which I register . . . ."

Mr. Ford also signed a $40,000 promissory note in favor of the defendant. In the proceedings subsequently held before the arbitrators, Hamilton Investments said that Mr. Ford understood that the loan represented by the note was intended to be repaid if not forgiven over the course of a three-year period.

Mr. Ford left the employ of Hamilton Investments after only one year with the firm. The firm subsequently presented a claim for arbitration. The statement of claim asserted that $26,666.68, plus interest at 8 percent, was due and owing from Mr. Ford on the promissory note. Ford was also said to owe the firm commissions of up to $14,539.59 on sales made in violation of a contractual prohibition against outside trading. Mr. Ford presented a counterclaim in which he evidently alleged various breaches of the employment contract by the firm.

Hamilton Investments—but not Mr. Ford, as far as we can tell—signed a "submission agreement" for NASD arbitration. The agreement recited that the parties "agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment."[3]

---

**1.** The record made in the district court is a bit thin on facts. In the course of the appeal the parties have supplemented the record with additional information as to which there seems to be no controversy and upon which it has been convenient for us to rely in preparing this part of our opinion. Some of our factual recitations, including the one above, are based on the supplemental information supplied on appeal or on inferences drawn from the arbitral award.

**2.** The application form gave an address in Chicago, Illinois, as the "main address" of the defendant, and an address in Dearborn, Michigan, as

the "office of employment address." Mr. Ford's current address was given as Grosse Ile, Michigan.

**3.** Hamilton Investments has represented that Mr. Ford signed a similar agreement, but no agreement bearing his signature has been produced. The award ultimately issued by the arbitration panel says that "[a]s required, pursuant to Section 25 of the Code of Arbitration Procedure, Ford did not execute a submission agreement." The code of arbitration procedure is not part of the record, but we shall assume, for purposes of analysis, that Mr. Ford's participation in the ar-

A hearing was held before a three-member panel of industry arbitrators in July of 1992. On August 17, 1992, the panel issued a decision awarding Hamilton Investments the sum of $26,666.63, plus interest in the amount of $3,857.53. Mr. Ford's counterclaim was denied in its entirety, as were all other claims. Mr. Ford was also directed to reimburse Hamilton Investments for a $600 deposit made by the firm with the NASD in connection with the arbitration.

On November 17, 1992, Mr. Ford filed a complaint against Hamilton Investments in the United States District Court for the Eastern District of Michigan. (This is the district in which the arbitral award was made.) The complaint alleged—and the defendant's subsequent answer admitted—that jurisdiction was conferred on the court by the Federal Arbitration Act. The complaint went on to recite that an arbitration panel had awarded the defendant a total of $30,-524.16, which award "[p]laintiff believes ... was entered in total disregard of the law." The complaint concluded with a prayer that the award be vacated. A "motion to vacate arbitration award," filed contemporaneously with the complaint, repeated this request and spelled out the alleged deficiencies of the award in somewhat greater detail. The motion also noted—correctly—that "[a]t no place in ... the Statement of Claim, does the Claimant [Hamilton Investments] allege a violation of the 1933 Securities Act or the 1934 Securities Exchange Act." [4]

After filing an answer denying that Mr. Ford was entitled to vacation of the arbitration award, and having responded in opposition to the motion to vacate, Hamilton Investments moved for an order confirming the award pursuant to § 9 of the Federal Arbitration Act, 9 U.S.C. § 9. The district court held a hearing on both of the then-pending motions. Following the hearing, the court denied Mr. Ford's motion to vacate and granted Hamilton Investments' motion to confirm. A money judgment was rendered

in favor of Hamilton Investments and against Ford in the amount of $30,524.16. This appeal followed.

## II

Subject matter jurisdiction cannot be conferred on federal courts by consent of the parties. See *Commodity Futures Trading Comm'n v. Schor,* 478 U.S. 833, 851, 106 S.Ct. 3245, 3251, 92 L.Ed.2d 675 (1986). The existence of subject matter jurisdiction, moreover, is an issue that "may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir.1992).

Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10, provides that in any of the cases described in that section, "the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration." One can understand why Mr. Ford's counsel might have assumed, as he evidently did in drafting his complaint, that this provision would suffice to confer federal jurisdiction over an action to vacate an arbitral award. It is well established, however, that § 10 of the Arbitration Act does not constitute a grant of subject matter jurisdiction. *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 7 F.3d 882, 884 (9th Cir.1993); *Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261,* 912 F.2d 608, 611 (2d Cir.1990). Cf. *Southland Corp. v. Keating,* 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 861 n. 9, 79 L.Ed.2d 1 (1984) ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal question jurisdiction under 28 U.S.C. § 1331 or otherwise"); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983) (same). It is

---

bitration proceedings pursuant to the code was tantamount to execution of a submission agreement. Mr. Ford has never challenged the validity of the requirement that the claims be arbitrated.

4. In an amended motion to vacate the arbitration award, however, Mr. Ford alleged that "[j]urisdiction for This Motion is pursuant to 9 U.S.C. ss. 10, the Federal Arbitration Act, *and Arbitration held pursuant to the Securities Exchange Act of 1934, 15 U.S.C. 78a.*" (Emphasis supplied.)

equally clear that § 9 of the Act does not create subject matter jurisdiction. *Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1021 (9th Cir.1991); *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir.1981), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982).

Section 4 of the Federal Arbitration Act, which says that a party to an agreement to arbitrate may seek an enforcement order from a federal district court "which, save for such agreement, would have jurisdiction under Title 28," obviously contemplates that "there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Mercury Constr.*, 460 U.S. at 25 n. 32, 103 S.Ct. at 942 n. 32. Sections 9 and 10 of the Arbitration Act contemplate the same thing. "[T]o read section [9 or] 10 as bestowing jurisdiction to [confirm or] vacate absolutely any arbitration award," as the Court of Appeals for the Second Circuit has said, "would open the federal courts to a host of arbitration disputes, an intent that we should not readily impute to Congress." *Harry Hoffman Printing*, 912 F.2d at 611 n. 1. See also *Prudential–Bache Sec., Inc. v. Fitch*, 966 F.2d 981, 988 (5th Cir.1992) ("There is no indication that Congress in enacting the [Federal Arbitration Act], or the Supreme Court in interpreting it, intended to change the rules for determining federal jurisdiction over a complaint").

Because of the manifest insufficiency of the jurisdictional statement in Mr. Ford's complaint, and because Mr. Ford's lawyer—echoing the jurisdictional allegation in his amended motion to vacate—suggested during the hearing before the district court that "we are here pursuant to the 1934 Securities Exchange Act," the parties were asked to submit supplemental briefs, prior to oral argument of the appeal, on the question whether this case really is one arising under the 1934 Act. Both parties then filed briefs in which they argued that it is.

### III

The Supreme Court has repeatedly held that a federal question "must be disclosed upon the face of the complaint, unaided by the answer." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). Notwithstanding the failure of Mr. Ford's complaint itself to disclose a federal question, we assume that the motion to vacate (which the complaint describes as having been attached thereto) could properly be considered a part of the complaint. In the amended version of the motion to vacate, quoted at note 4 above, jurisdiction was said to be based not only on the Federal Arbitration Act, but also on the Securities Exchange Act of 1934.

Merely referring to a federal statute, however, does not establish federal jurisdiction if the dispute does not involve "a substantial question of federal law." See *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983). "[T]he assertion that the claim involves such a question must be more than incantation.... [I]ts mere recital cannot confer jurisdiction...." *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

The questions involved in the dispute between Mr. Ford and Hamilton Investments are questions of Michigan law, not federal law. There is no federal common law of contracts, of course, and it was Michigan law on which Mr. Ford relied in attempting to persuade the district court that the arbitral award was rendered in manifest disregard of the law. It was Michigan law on which he relied to show that the promissory note and the employment agreement constituted a single integrated contract. And it was Michigan law on which he relied for the proposition that one who commits a substantial breach of the contract, as Hamilton Investments was claimed to have done, may not maintain an action against the other party for failure to perform.

Hamilton Investments' statement of claim, as Mr. Ford himself has repeatedly observed, did not allege any violation of the federal

securities laws.[5]  Nor did either party seek to enforce any liability or duty created by such laws or by the rules and regulations adopted thereunder.  Federal subject matter jurisdiction thus did not arise under § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, which gives federal district courts "exclusive jurisdiction of violations of [the Act] or the rules and regulations thereunder, and of all suits ... brought to enforce any liability or duty created by [the Act] or the rules and regulations thereunder."

The parties contend, nonetheless, that the district court could exercise jurisdiction in this case because the rules of the National Association of Securities Dealers, pursuant to which the dispute was submitted to arbitration, are subject to review by the Securities and Exchange Commission.  The contention is not persuasive.

In the first place, as we have seen, federal questions must be disclosed on the face of the complaint.  *Phillips Petroleum,* 415 U.S. at 127–28, 94 S.Ct. at 1003–04.  *Cf.* Rule 8(a)(1), Fed.R.Civ.P.  The facts set out in the supplemental briefs filed in this court were not included in the complaint.

In the second place, the jurisdictional grounds now being advanced in this court are insufficient as a matter of law.  Notwithstanding that the Securities and Exchange Commission had an opportunity to review the NASD rule that prescribes arbitration as a means of resolving disputes such as this one, the mere fact that the arbitration was conducted before the NASD as required by the association's rules does not make the case one that arises out of the federal securities laws.  The NASD is a private organization, not an arm of the government.  See *Lange v. H. Hentz & Co.,* 418 F.Supp. 1376, 1379 (N.D.Tex.1976) ("despite owing its existence and in large measure its power and prestige to the SEC, NASD is still a private associa-

tion governed by its own rules as developed and applied by its own members").  A breach of the NASD rules does not present a question that arises under the laws of the United States within the meaning of 28 U.S.C. § 1331, *Lange* at 1380–81, and it follows *a fortiori* that compliance with NASD rules does not give rise to federal question jurisdiction.  See *In re Prudential Sec., Inc.,* 795 F.Supp. 657, 659 (S.D.N.Y.1992) ("NASD rules are established and enforced by a private association and do not give rise to federal question jurisdiction").  *Cf. Raymond James & Assoc., Inc. v. Nat'l Ass'n of Sec. Dealers,* 844 F.Supp. 1504, 1507 (M.D.Fla. 1994) ("the NASD rules themselves do not give rise to federal question jurisdiction") (*dictum*).  See also *Parks v. McGrath,* 1992 WL 80957, at * 1, 1992 U.S. Dist. LEXIS 5712, at * 2 (N.D. Ill. April 14, 1992) ("the fact that the partnership was involved in the federally regulated field of securities trading does not automatically create a federal question and confer jurisdiction [over a motion to vacate an arbitration award for breach of a partnership agreement]"); *Ness v. Dean Witter Reynolds, Inc.,* 677 F.Supp. 861, 865 (D.S.C.1987) (no federal-question jurisdiction to compel arbitration between securities dealer and a former employee who made claims for negligence, defamation, and false arrest).

## IV

As an alternative basis for federal jurisdiction, the supplemental brief filed by Hamilton Investments makes the following argument with respect to the diversity statute, 28 U.S.C. § 1332:

"Hamilton Investments, Inc. is a Delaware corporation with its principal place of business in the State of Illinois.  Appellant Ford is an individual who resides in the State of Michigan and the amounts in the

---

5.  Even if a violation of federal securities law had been claimed to be involved in some way, jurisdiction to vacate the arbitration award would not necessarily have existed.  See *Garrett,* 7 F.3d at 883, where a Merrill Lynch employee claimed that he had been fired for reporting "churning" activities that were illegal under § 10(b) of the 1934 Act. An NASD arbitration panel dismissed the claim, and the employee sued in federal court

to vacate the award.  The district court dismissed the complaint for want of subject matter jurisdiction.  The Court of Appeals for the Ninth Circuit affirmed the dismissal, saying "we do not think the provision reaches so far as to encompass a petition to vacate an arbitration award in an employment termination case." *Id.* at 884 n. 3.

claims and counterclaims of the parties satisfy the requirement for diversity of citizenship jurisdiction."

The pleadings themselves are silent as to the citizenship of the parties. While it might have been possible for Mr. Ford to allege diversity of citizenship in his complaint, it is clear that he failed to do so. It is equally clear that the amount in controversy does not exceed the $50,000 jurisdictional threshold established by 28 U.S.C. § 1332(a). A claim involving less than the statutorily-established minimum cannot trigger diversity jurisdiction. See *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir.1993). Regardless of whether the parties are in fact citizens of different states, therefore, diversity jurisdiction could not properly be invoked.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself...." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). Mr. Ford's complaint alleges that the arbitration panel awarded Hamilton Investments $26,-666.63, plus $3,857.53 in interest. The total of these figures obviously does not exceed $50,000. In the arbitration proceedings Mr. Ford claimed more than $50,000 against Hamilton Investments, but he never asked the district court to order that the arbitrators reopen his claim against Hamilton Investments; all he sought from the district court was the vacation of an award that fell short of the jurisdictional amount by almost $20,000. A claim for vacation of an arbitral award in the amount of $50,000 or less is not sufficient for diversity jurisdiction. See *Giangrande v. Shearson Lehman/E.F. Hutton*, 803 F.Supp. 464, 468 (D.Mass.1992) (no diversity jurisdiction where complaint sought vacation of $24,000 arbitration award); *Quick & Reilly, Inc. v. Saglio*, 717 F.Supp. 822, 823–24 (S.D.Fla.1989) (no diversity jurisdiction where complaint sought enforcement of $44,000 arbitration award).

Accordingly, this matter is **REMANDED** to the district court with instructions to **VACATE** the challenged order and **DISMISS** the case for want of subject matter jurisdic-

tion. Each party shall bear its own costs of appeal.