**Darryl Wade RISER, Plaintiff–
Appellant,**

v.

**Harry POLLITT, Jr., Judge, et
al., Defendants–Appellees.**

No. 01–4311.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before KENNEDY,
SUHRHEINRICH, and BATCHELDER,
Circuit Judges.

*ORDER*

Darryl Wade Riser, an Ohio plaintiff proceeding pro se, appeals a district court order and judgment dismissing without prejudice his civil complaint for lack of jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $900,000 in compensatory and punitive damages, as well as unspecified equitable relief, Riser sued a judge, magistrate, and clerk of the Franklin County Municipal Court for actions taken in connection with a small claims lawsuit brought against a school operated by him. He alleged that the defendants: (1) committed professional malpractice in connection with the default judgment entered against him; (2) violated several canons of the Code of

Judicial Conduct; (3) erred in entering the default judgment without honoring a requested continuance; (4)-(7) negligently entered a decision holding him personally liable in the suit against the school, in disregard of certain provisions of the Ohio Revised Code and the United States Code; (8) improperly favored the other party; and (9) committed the intentional infliction of emotional distress.

The district court dismissed Riser's complaint without prejudice to his ability to institute the action in the appropriate state court. The district court found that the complaint asserted no claim under federal law, precluding federal question jurisdiction under 28 U.S.C. § 1331, and was not an action between residents of different states so as to support diversity jurisdiction under 28 U.S.C. § 1332. Therefore, the court found that it lacked subject matter jurisdiction to proceed in this action. The order and a separate judgment were entered on November 5, 2001.

On appeal, Riser argues that the district court had jurisdiction over his complaint pursuant to the Federal Tort Claims Act; civil rights laws, including those protecting his rights to due process and equal protection; and judicial ethics. Riser further argues that the screening process employed by the district court violates his right to due process by dismissing his complaint without a hearing.

Upon review, we affirm the district court's judgment for the reason stated therein. The district court's conclusion that it lacked subject matter jurisdiction over Riser's complaint is reviewed *de novo. Anderson v. Charter Township of Ypsilanti,* 266 F.3d 487, 492 (6th Cir.2001).

■ District courts have federal question jurisdiction over cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *Am. Fed. of Television and Radio Artists, AFL–CIO v. WJBK–TV (New World Com-*

*munications of Detroit, Inc.),* 164 F.3d 1004, 1007 (6th Cir.1999). The issue of federal law must appear on the face of a well-pleaded complaint. *Id.; Ford v. Hamilton Inv., Inc.,* 29 F.3d 255, 258 (6th Cir.1994). " 'Merely referring to a federal statute, however, does not establish federal jurisdiction if the dispute does not involve "a substantial question of federal law." ' " *Am. Fed. of Television and Radio Artists, AFL–CIO,* 164 F.3d at 1007 (quoting *Ford,* 29 F.3d at 258). The district court did not err in determining that Riser's complaint did not raise an issue of federal law. Although he cited federal statutes relating to CERCLA and non-profit corporations (which the district court properly found to be inapplicable), his complaint clearly sounds in state statutory and tort law.

Federal jurisdiction may also be based upon diversity of the parties involved, i.e., the parties must be residents of different states. *See* 28 U.S.C. § 1332. Because Riser and the defendants are all residents of Ohio, there is no basis for diversity jurisdiction. *See Am. Fed. of Television and Radio Artists, AFL–CIO,* 164 F.3d at 1007 n. 3.

Because Riser has established federal jurisdiction pursuant to neither § 1331 or § 1332, the district court did not err in dismissing his complaint without prejudice and without a hearing.

In his brief on appeal, Riser attempts to invoke the federal court's federal question jurisdiction by arguing that his constitutional rights to due process and equal protection were violated. Absent exceptional circumstances not present in this case, this court will not address issues not litigated in the district court. *Friendly Farms v. Reliance Ins. Co.,* 79 F.3d 541, 544–45 (6th Cir.1996).

■ Moreover, even if Riser had presented his constitutional claims to the district court so as to provide federal question jurisdiction over Riser's complaint, the dis-

trict court would be required to abstain from deciding the action pursuant to the *Rooker–Feldman* doctrine. Pursuant to this doctrine, federal courts have no jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments. *Anderson,* 266 F.3d at 492. The Supreme Court has restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy,* 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.