Anthony FERNICOLA, Plaintiff–
Appellant,

v.

**TOYOTA MOTOR CORPORATION,**
Defendant–Appellee.

No. 07–2892–cv.

United States Court of Appeals,
Second Circuit.

March 3, 2009.

Anthony Fernicola, Utica, N.Y., pro se.

Kevin P. Simmons and Michelle E. Tarson of Simmons, Jannace & Stagg, LLP, Syosset, N.Y., for Appellee.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. AMALYA L. KEARSE, Circuit Judges, Hon. DENNY CHIN, District Judge.[1]

### SUMMARY ORDER

Plaintiff–Appellant Anthony J. Fernicola, *pro se*, appeals from the *sua sponte* judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), dismissing his complaint against Defendant–Appellee for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts and procedural history.

We review the district court's findings regarding subject matter jurisdiction *de novo*. *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir.1994) (quoting *Moore v. Betit,* 511 F.2d 1004, 1006 (2d Cir.1975)). In order for a case to fall under the federal diversity statute, the plaintiff must prove diversity of the parties, and an amount in controversy that appears, to a "reasonable probability," to be in excess of the statutory jurisdictional amount of $75,000. *See*

1. The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

*Scherer v. Equitable Life Assurance Soc'y,* 347 F.3d 394, 397 (2d Cir.2003).

Appellant's complaint, requesting vacatur of an arbitration award, did not allege damages that met the jurisdictional amount. Although Appellant asserts that the amount of damages he sought in his counterclaim during the arbitration proceedings should have been included to determine the amount in controversy, the sole pleading before the district court was the complaint, which only sought vacatur of the arbitration award. To the extent that Appellant claims that his arbitration counterclaim was a "counterclaim" in the district court proceedings, the argument is without merit because a counterclaim in district court would have been instituted by Appellee Toyota Motor Corporation. As Appellant did not affirmatively allege damages arising out of the basis of the arbitration counterclaim, i.e., negligence by Appellee, there was no basis for the district court to add potential damages from that claim to the damages Appellant actually sought in his complaint, i.e., relief from having to pay approximately $47,000. Thus, there was no legal possibility that his claim could have met the amount in controversy requirement, and the district court correctly dismissed the complaint based on lack of jurisdiction. *See Scherer,* 347 F.3d at 397 (presumption in favor of the amount in controversy meeting the jurisdictional amount can be defeated by a showing to a "legal certainty" that the amount recoverable does not meet the jurisdictional threshold).

While we disfavor *sua sponte* dismissals without giving *pro se* litigants an opportunity to amend, *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004), a district court need not grant leave to amend if it can rule out any possibility, however unlikely it might be, that an amended complaint would succeed. *See*

*Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795–96 (2d Cir.1999). Appellant asserts that his amended complaint would have raised claims sufficient to trigger federal question jurisdiction. First, to the extent Appellant sought to raise a claim under the Federal Arbitration Act, that statute does not confer district courts with subject matter jurisdiction. *See Perpetual Sec., Inc. v. Tang,* 290 F.3d 132, 136 (2d Cir.2002). Similarly, amending the complaint to add claims under the Fair Debt Collection Practices Act ("FDCPA") also would not have conferred subject-matter jurisdiction upon the district court, as there is no indication that Appellee was a "debt collector" under the provisions of the FDCPA. *See* 15 U.S.C. §§ 1692k(a) & (d), 1692a(6). Moreover, to the extent that Appellant sought to add an FDCPA claim against Appellee's counsel, the law firm was not a party to the suit below and adding it as a party would not cure the lack of jurisdiction as to the claims against Appellee.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.