RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0381p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT
───────────────

RICHARD "RIP" HALE,

　　　　　　　　*Claimant-Appellant*,

　　*v.*

MORGAN STANLEY SMITH BARNEY LLC,

　　　　　　　　*Respondent-Appellee*.

No. 20-3412

───────────────

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 3:19-cv-00229—Walter H. Rice, District Judge.

Argued: November 18, 2020

Decided and Filed: December 15, 2020

Before: COLE, Chief Judge; DONALD and READLER, Circuit Judges.

───────────────

### COUNSEL

**ARGUED:** Peter K. Newman, THE NEWMAN LAW GROUP LLC, Dayton, Ohio, for Appellant. Tracy L. Gerber, GREENBERG TRAURIG, LLP, West Palm Beach, Florida, for Appellee. **ON BRIEF:** Peter K. Newman, THE NEWMAN LAW GROUP LLC, Dayton, Ohio, for Appellant. Tracy L. Gerber, Beth A. Black, GREENBERG TRAURIG, LLP, West Palm Beach, Florida, Brigid F. Cech Samole, GREENBERG TRAURIG, P.A., Miami, Florida, for Appellee.

───────────────

### OPINION

───────────────

　　BERNICE BOUIE DONALD, Circuit Judge. Dissatisfied with several disciplinary actions taken against him at work, Plaintiff Richard "Rip" Hale sought recourse against his

employer, Defendant Morgan Stanley Smith Barney LLC, d/b/a Morgan Stanley Wealth Management ("Morgan Stanley"), through arbitration.  When this arbitration was unsuccessful, Hale filed suit in district court, seeking to vacate the arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*.  The district court never reached the merits of Hale's claims however, finding that it lacked subject-matter jurisdiction.  Because we find that diversity jurisdiction has been satisfied, we REVERSE and REMAND.

## I.

Hale has been employed by Morgan Stanley as a financial advisor since 1984.  Though Hale prospered financially at Morgan Stanley, he was disciplined on several occasions between 2013 and 2016.  Believing that he was wrongly reprimanded by his employer, Hale initiated an arbitration action, and requested damages for his claims of negligence, defamation, breach of fiduciary duty, and intentional infliction of emotional distress.  Following an arbitration hearing that lasted four days, and during which eleven witnesses testified, the arbitrator issued an award denying all of Hale's claims and awarded him $0 in damages.

Following the arbitration decision, Hale filed suit in district court, requesting that the arbitration award be vacated pursuant to §§ 10(a)(3) and 10(a)(4) of the FAA.  Morgan Stanley subsequently filed a motion to dismiss the case on jurisdictional grounds.  The district court ruled in favor of Morgan Stanley, holding that the court lacked diversity and federal question jurisdiction over the suit.  Hale timely appealed to this Court.

## II.

We apply a *de novo* standard when reviewing the district court's determination of jurisdiction.  *Dealer Comput. Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558, 560 (6th Cir. 2008).

Our Court, being one of limited jurisdiction, possesses only power authorized by the Constitution and statute to adjudicate cases.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The party asserting subject-matter jurisdiction bears the burden of establishing that such jurisdiction exists.  *Id.*  When a party makes a facial challenge to the

district court's subject-matter jurisdiction under Rule 12(b)(1)—as is the case here—we must take as true all material allegations of the complaint. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).

With regard to diversity jurisdiction, it is firmly established that parties attempting to demonstrate that such jurisdiction exists must show that: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship between the disputing parties. 28 U.S.C. § 1332(a). The parties in the instant case concede that they are diverse in citizenship, but disagree as to whether the amount in controversy requirement has been satisfied. Morgan Stanley asserts that since the arbitrator did not award Hale any damages, the amount in controversy is $0. Conversely, Hale argues that the amount in controversy is met because he requested a damages award of $14.75 million in his complaint (filed as a motion to vacate).[1] In finding that it lacked diversity jurisdiction, the district court cited to *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255 (6th Cir. 1994) in support of its decision. Because the district court's reliance on *Ford* was misplaced, we agree with Hale.

In *Ford*, the plaintiff sought to vacate the arbitrator's award of approximately $30,000 under the FAA. *Id.* at 257. The Court held that based on the general federal rule that it is appropriate to "decide what the amount in controversy is from the complaint itself," *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961), even though the plaintiff counter-claimed more than $50,000 against the defendant in the arbitration proceeding,[2] because the award that the plaintiff asked to be vacated was only that of the $30,000 arbitration award, it clearly fell below the amount in controversy threshold under 28 U.S.C. § 1332(a). *Ford*, 29 F.3d at 260. The conclusion reached by the Court in *Ford* was not that the amount of the *arbitrator's award* should be considered when calculating the amount in controversy in this context, but that in making such determinations, it is necessary to look to the *amount alleged* to be in controversy *in the complaint*. *See Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 665 (9th Cir. 2005)

---

[1]Hale contends in his complaint that the district court should award him all of the remedies he requested in the arbitration action. He then points the district court to the opening statement from the arbitration hearing (which he attached to the complaint) that lists the $14.75 million in damages he sought in arbitration.

[2]When *Ford* was decided, the jurisdictional amount in controversy was $50,000, but was later increased to $75,000. *See* Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 205, 110 Stat. 3847.

(noting that "the Sixth Circuit was quite clear that had the losing party [in *Ford*] sought to challenge the arbitrator's denial of that party's counterclaims, the amount in controversy *would* have been met") (citing *Ford*, 29 F.3d at 260). Accordingly, in actions where a party seeks to vacate a $0 arbitration award pursuant to § 10 of the FAA, courts should look to the complaint for purposes of assessing whether § 1332(a)'s jurisdictional amount in controversy requirement has been met.

This rule was similarly applied by the Court in *Mitchell v. Ainbinder*, 214 F. App'x 565 (6th Cir. 2007). In *Mitchell*, the Court reaffirmed that district courts "should consider the amount alleged in a complaint" when determining the amount in controversy. *Id.* at 566 (quoting *Mass. Cas. Ins. Co. v. Harmon,* 88 F.3d 415, 416 (6th Cir. 1996)). And in cases where the petitioner seeks to vacate a $0 arbitration award and reopen his arbitration, the Court held that the amount in controversy includes the amount sought in the underlying arbitration. *Id.* at 566–67. While the district court distinguished *Ford* and *Mitchell* by indicating that the former involved a request to vacate an arbitration award and the latter included a demand to reopen an arbitration, there is no meaningful difference between the two forms of relief—and Morgan Stanley has not provided sufficient support for a finding to the contrary.[3] *Ford* and *Mitchell* therefore both stand for the same proposition: when a petitioner disputes an issued arbitration award—either through vacation or seeking to reopen arbitration—courts need only to review the relief requested in the complaint to determine the amount in controversy.

When that rule is applied here, it becomes evident that the district court had diversity jurisdiction over this case. In his complaint, Hale sought to vacate the $0 award, arguing that the arbitrator should have awarded him almost $15 million in damages—certainly more than the amount necessary to satisfy § 1332(a). Therefore, the minimum amount in controversy was met, and the district court had the subject-matter jurisdiction necessary to adjudicate Hale's claims.[4]

---

[3]This is especially true when it is considered that plaintiffs, like Hale, are presumably seeking vacation of an arbitration award in order to reenter arbitration.

[4]Because diversity jurisdiction was satisfied, we will not address the parties' federal question jurisdiction contentions.

III.

For the foregoing reasons, we REVERSE the district court's judgment and REMAND this case for further proceedings consistent with this opinion.